IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LEKENVISH S. ALFORD, an individual;

Plaintiff,

vs.

PETROL III, LLC, a Nebraska Limited
Liability Company;

Defendant.

8:17CV92

MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56. Filing No. 30. Plaintiff brought this action alleging sexual harassment and retaliation in employment under 42 U.S.C. 2000e-2 et seq, 42 U.S.C. 2000e-3 et seq, Neb. Rev. Stat. §§ 48-1001 et seq., and Neb. Rev. Stat. §§ 48-1114 et seq. Filing No. 1. Plaintiff dually filed her charge of retaliation with the Nebraska Equal Opportunity Commission ("NEOC") and the Equal Employment Opportunity Commission ("EEOC"). Filing No. 1, at 2. The EEOC issued a right to sue letter on December 23, 2016. *Id*. at 3.

**I. STANDARD OF REVIEW**

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record]…which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042, (8th Cir. 2011) (en banc) (quoting *Celotex*, 477 U.S. at 323). "If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Id.* at 251.

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

**II. BACKGROUND**

This case involves allegations that Defendant retaliated against Plaintiff after Plaintiff reported to her general manager and store manager that she was being sexually harassed by a coworker. Filing No. 1. In August of 2015, Plaintiff was hired by Defendant to work at Defendant's store, Kicks 66. *Id.* at 1. According to the Plaintiff, two months into her employment, a coworker named James (Terrell) Henderson ("Henderson") started sexually harassing her verbally and via text message. *Id.*

Specifically, Plaintiff reported that Henderson continually subjected her to offensive, lewd, and lascivious harassment. *Id.* Plaintiff has produced text messages from Henderson which include lewd and offensive messages containing the following statements: "You work 2 night? I'm taking that pussy wait on it", "Bitch fuck you keep saving that pushy you dike ass bitch acting like you ant neva fucked a nigga b4", and "when you gonna let me fuck? You been playing and acting like you don't even fuck with a nigga at work." *Id.* at 4.

According to both parties, on November 4, 2015, Plaintiff reported the sexual harassment to Store Manager, Rodney Collins ("Collins"). At this time, Plaintiff forwarded the text messages Henderson had sent her to Collins. Plaintiff alleges that Collins forwarded these messages to the General Manager, Debra Kielty ("Kielty"). Filing No. 1, at 5. Both parties contend that Kielty subsequently paid a visit to the store location on this date while both Plaintiff and Henderson were at the location.

Plaintiff further alleges that Kietly intimidated her on this date to not make a sexual harassment report. *Id.* Plaintiff reports that Kielty met with her privately and told her that she did not have any evidence and then subsequently brought Henderson in for a private

3

meeting before bringing both Plaintiff and Henderson into the office, so they could confront each other in the presence of Kielty. *Id.* Plaintiff reports that Kielty threatened her with "serious consequences" if she pursued sexual harassment charges based on her allegations. *Id.*

In contrast, Defendant alleges that Kielty came to the store on November 4, 2015 and diffused the situation. Filing No. 31, at 1-2. According to Defendant, Henderson reported to Kielty on this date that he and the Plaintiff had a history prior to employment at Kicks 66 and used to see each other. *Id.* at 6. Plaintiff denies that she and Henderson ever had a sexual relationship and reported that she only knew him as an acquaintance. Filing No. 35, at 6. Defendant contends that Kielty looked at Henderson's phone during her private meeting with him and saw that Plaintiff and Henderson had communicated back and forth including Plaintiff asking Henderson for some of his prescribed pain pills two days prior. Filing No. 31, at 6. Defendant alleges that Kielty told Henderson that harassment was wrong and that Kicks 66 was not tolerant of that behavior. *Id.*

After the confrontation in the office, the Plaintiff and Defendant have different characterizations of an argument between Plaintiff and Henderson which Kielty witnessed inside of the store. According to the Defendant, Henderson and Plaintiff argued like a married couple for a minute, there was no physical altercation, and no threats of physical violence. *Id.* at 6-7. According to the Plaintiff, Henderson "ranted and raved" including using explicit language and screaming at Plaintiff while Kielty stood watch for customers at the store's front door. Filing No. 35, at 7.

Defendant alleges that Kielty told Plaintiff that sexual harassment claims are treated very seriously and asked Plaintiff if she wanted to pursue the charge. Filing No.

4

31, at 7. Defendant reports that Plaintiff told Kielty she would contact Kielty the next morning with her decision. *Id.* In contrast, Plaintiff alleges that Kielty told her that she would be in serious trouble if she was lying about Henderson and needed to think about it. Filing No. 35, at 7-8. Plaintiff contends that she repeated that she wanted to pursue a charge of sexual harassment at this time. *Id.*

Both parties contend that the next day Kietly texted Plaintiff and asked what she had decided. Plaintiff responded, "Hey Ms Deb…Well I guess I'll hold off he said he'll stay in his lane and do his job and I'll do mines and we'll be cordial. He apologized and said if I took anything out of context. But I'm sorry Deb we cool." Defendant contends that after this text message exchange Kielty felt the matter was closed. Filing No. 31, at 8. Plaintiff asserts that when she texted Kielty the next day she already felt as though her general manager was no longer on her side and could not protect her, so she told Kielty everything was fine in order to bring Kielty back on her side. Filing No. 35, at 9.

Plaintiff was fired from Kicks 66 on November 30, 2015. Defendant contends that Plaintiff was terminated due to a series of disciplinary problems including not being on time for work, using her cell phone behind the counter, a marginal report from a Secret Shopper regarding Plaintiff, and not following procedures when leaving work early due to illness on November 27, 2015. Filing No. 31, at 9-11. According to the Plaintiff, she did follow procedures when she was leaving on November 27, 2015 and believed that she was terminated for reporting sexual harassment. Filing No. 35, at 13.

### III. DISCUSSION

#### a. Sexual Harassment Claim

Title VII provides that it shall be unlawful employment practice for an employer to "discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

To establish a prima facie claim of sexual harassment, the plaintiff must show that: (1) she is a member of a protected group; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based upon sex; (4) the harassment affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take appropriate remedial action. *See Staton v. Maries Cty.*, 868 F.2d 996, 998 (8th Cir. 1989). *See also*, *Nichols v. Tri-Nat'l Logistics, Inc.*, 809 F.3d 981, 985 (8th Cir. 2016). If the plaintiff makes this showing, the employer must then rebut the presumption by articulating a legitimate, nondiscriminatory business reason for the term, condition, or privilege of employment being affected. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254–55, 101 S. Ct. 1089, 1094, 67 L. Ed. 2d 207 (1981). If the employer does this, the burden of production shifts back to the plaintiff to demonstrate that the employers' nondiscriminatory reason is pretextual. *Id.* at 256, 1095.

In this case, Defendant claims it is entitled to summary judgment on the sexual harassment claim because the Plaintiff cannot establish a prima facie case for hostile work environment. Filing No. 31, at 25. Plaintiff contends that she is female; she was harassed and subjected to unwanted sexual taunts; that she reported the harassment to her supervisors; that she was fired; and that the abusive workplace in which Plaintiff was

6

forced to work was reported to, known to, and tolerated by Defendant. Filing No. 1, at 8. Defendant argues that Plaintiff can only establish the first element of a prima facie case of sexual harassment.

Regarding the second element, that Plaintiff was subject to unwelcome sexual harassment, Defendant argues that Plaintiff cannot establish that the harassment was unwelcome because Henderson and Plaintiff were long-time acquaintances, Plaintiff did not reveal this history to her supervisors prior, and that Plaintiff stood up for herself in comments to Henderson. Filing No. 31, at 26. Despite the Defendant's assertions, the Plaintiff has satisfied her burden by alleging the harassment was unwanted as evidenced by the text messages she received from Henderson including messages which alluded to her ignoring his advances at work such as "when you gonna let me fuck? You been playing and acting like you don't even fuck with a nigga at work." Filing No. 1, at 4. Regarding the third element, that the harassment based on sex, Plaintiff clearly alleges that she was subject to harassment based on sex as evidenced by the lewd and sexual nature of the text messages she received from Henderson. *Id.*

In regard to the fourth element, that the harassment affected a term, condition, or privilege of employment, Defendant argues that Plaintiff points to no term or condition of employment which was affected by Henderson's actions. Filing No. 31, at 27. Plaintiff clearly alleges that she believes she was terminated because she reported Henderson's harassment. Filing No. 1, at 9-10. In regard to the fifth element, Defendant argues that Plaintiff has no evidence to establish that Defendant did not take appropriate remedial action. Filing No. 31, at 27. Plaintiff clearly alleges that she was sexually harassed at

work and then fired in retaliation for reporting the sexual harassment. Filing No. 1, at 9-10.

The Court finds that there is a genuine dispute of material facts when it comes to what occurred after Plaintiff reported the alleged harassment to her superiors. To find for the Defendant on these two elements, the Court would be forced to make a credibility determination between Plaintiff's and Defendant's facts which would not be appropriate in an order for summary judgment. Plaintiff has satisfied its burden of establishing a prima facie case of sexual harassment.

Next, it is the responsibility of the Defendant to show a legitimate business reason for its actions of firing the Plaintiff. To support this, Defendant outlines a series of occurrences where Plaintiff was reprimanded at work. *Id.* at 9-12. Defendant has satisfied its burden of showing a legitimate business reason for its actions of firing her, namely that Defendant allegedly was not on time for work, used her cell phone behind the counter, obtained a marginal report from a Secret Shopper, and did not follow store procedures when she left work early due to an illness on November 27, 2015. Filing No. 31, at 9-11.

Next, it is the responsibility of the Plaintiff to show pretext. Plaintiff responds by arguing that her termination was directly caused by her protected action and that her employment record is inaccurate. Filing No. 1, at 10. Plaintiff has presented evidence that some of the recorded reprimands were allegedly mischaracterized. Filing No. 35, at 10-13. Plaintiff alleges that she was not evading being on time for work when there had been an agreement she was to arrive prior to 4:30 p.m. when she was hired. *Id.* at 10. Plaintiff also alleges that Kielty never responded to a text message Plaintiff sent asking if

she could do her homework while she was working.  *Id.*  Plaintiff reported that her Written Reprimand dated November 16, 2015 was directly related to her protected activity two weeks prior.  *Id.* at 11.  Lastly, Plaintiff asserts that she did follow procedures when she left work sick on November 27, 2015.  *Id.* at 13.  Plaintiff has satisfied her burden of showing pretext.

In viewing the evidence in the light most favorable to the Plaintiff, the Court finds that there are genuine issues of material fact in this case as set forth herein.  Accordingly, the Court will deny the motion for summary judgment on the claim of sexual harassment.

### b. Retaliation Claim

Title VII provides that it shall be unlawful employment practice for any employer to retaliate against an employee "because [he] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.S.C. § 2000e-3(a) (1994).

To establish a prima facie claim of retaliation, the plaintiff has to show that: (1) she filed a charge of harassment or engaged in other protected activity; (2) her employer subsequently took an adverse employment action against her; and (3) the adverse action was casually linked to his protected activity.  See *Cross v. Cleaver,* 142 F.3d 1059, 1071-72 (8th Cir. 1998).  If the plaintiff makes this showing, the employer must then rebut the presumption by articulating a legitimate, nondiscriminatory reason for the adverse employment action.  *Id.*  If the employer does this, the burden of production shifts back to the plaintiff to demonstrate that the employer's nondiscriminatory reason is pretextual.  *Id. at 1072*.

In this case, Defendant claims it is entitled to summary judgment on the retaliation claim because Plaintiff cannot establish a prima facie claim. Filing No. 31, at 27-28. Plaintiff contends she is female; she was harassed by a coworker; she reported the harassment to her superiors and was retaliated against; that she was fired; and the firing is related to her reporting her harassment to her superiors. Filing No. 1, at 9. Defendant argues that there was no casual connection between Plaintiff's termination and Plaintiff's protected activity because Plaintiff was terminated for legitimate business reasons. Filing No. 31, at 29. To support this, Defendant outlines a series of occurrences where Plaintiff was reprimanded at work. *Id.* at 9-12. Defendant has satisfied its burden of showing a legitimate business reason for its actions of firing her, namely that Defendant allegedly was not on time for work, used her cell phone behind the counter, obtained a marginal report from a Secret Shopper, and did not follow store procedures when she left work early due to an illness on November 27, 2015. Filing No. 31, at 9-11.

Next, it is the responsibility of the nonmoving party to show pretext. Plaintiff responds by arguing that her termination was directly caused by her protected action and that her employment record is inaccurate. Filing No. 1, at 10. Plaintiff has presented evidence that some of the recorded reprimands were allegedly mischaracterized. Filing No. 35, at 10-13. Plaintiff alleges that she was not evading being on time work when there had been an agreement she was to arrive prior to 4:30 p.m. when she was hired. *Id.* at 10. Plaintiff also alleges that Kielty never responded when she asked if she could do her homework while she was working. *Id.* Plaintiff reported that her Written Reprimand dated November 16, 2015 was directly related to her protected activity two weeks prior.

*Id.* at 11.  Lastly, Plaintiff asserts that she did follow procedures when she left work sick on November 27, 2015.  *Id.* at 13.  Plaintiff has satisfied her burden of showing pretext.

In viewing the evidence in the light most favorable to the Plaintiff, the Court finds that there are genuine issues of material fact in this case as set forth herein. Accordingly, the Court will deny the motion for summary judgment on the claim of retaliation.

THEREFORE, IT IS SO ORDERED THAT the defendant's motion for summary judgment ([Filing No. 30](Filing No. 30)) is denied on both claims.

Dated this 15th day of April, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge